IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SARA L. LYONS-BELISLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 4:16-cv-00764-FJG |
| | ) |
| AMERICAN WHOLESALE FLORISTS | ) |
| OF KANSAS CITY, INC., d/b/a DWF | ) |
| WHOLESALE FLORISTS, and | ) |
| GEORGE D. ENGLAND, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Pending before the Court is defendants' partial motion to dismiss (Doc. No. 3).

**I.     Background**

Plaintiff filed her state-court Petition on June 8, 2016, and filed an Amended Petition on June 9, 2016. The Amended Petition contains the following claims: Count I – Sex Discrimination/Sexual Harassment in violation of the MHRA; Count II – Age Discrimination in Violation of the MHRA; Count III – Disability Discrimination in Violation of the MHRA; Count IV – Retaliation in Violation of the MHRA; Count V – Hostile Work Environment in Violation of the MHRA; Count VI – Assault; Count VII – Retaliatory Discharge Under the Workers' Compensation Law Pursuant to § 287.780.1 RSMo.; Count VIII – Wrongful Discharge Based on Public Policy; and Count IX – Claims under Title VII, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), and the Age Discrimination in Employment Act (ADEA).

Defendants timely removed this action on July 8, 2016, and filed their motion for partial dismissal on the same day. Defendants assert that plaintiff's MHRA claims

(Counts I through V) are untimely, as they were filed one day too late. Defendants also assert that Count VI should be dismissed because plaintiff failed to allege an essential element of her claim for assault. Defendants assert that plaintiff's GINA claim in Count IX must be dismissed because plaintiff has alleged no facts regarding genetic information discrimination. Finally, defendants assert that plaintiff's claims in Count IX must be dismissed as to defendant England, as individuals are not considered "covered employers" under Title VII, the ADA, and the ADEA. The Court considers these issues below.

## II.     Standard

When deciding a motion to dismiss under Rule 12(b)(6), the Court must accept the plaintiff's factual allegations as true, construing them in the light most favorable to the plaintiff. Patterson Oil Co. v. VeriFone, Inc., No. 2:15-cv-4089, 2015 U.S. Dist. LEXIS 141635, at *9 (W.D. Mo. Oct. 19, 2015) (citing Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008)). Fed. R. Civ. P. 8(a)(2) states that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 677-678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, (2007)). In order for a claim to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677-678 (2009).

### III. Discussion[1]

    A.    MHRA Claims

Defendants note that plaintiff's right-to-sue letter received from the Missouri Commission on Human Rights was dated March 9, 2016, and states "You are hereby notified that you have the right to bring a civil action within 90 days of the date of this letter against the respondent(s) named in the complaint." Doc. No. 4, Ex. 1. Plaintiff filed her original petition on June 8, 2016, which is 91 days after the date of the letter. Under RSMo § 231.111.1, any MHRA action must be "filed within 90 days from the date of the commission's notification letter to the individual . . . ." This Court has previously found that the 90-day period begins to run as of the date of the letter. Houston-Morris v. AMF Bowling Centers, Inc., No. 11-00325-CV-W-FJG, 2011 WL 5325646, at *3 (W.D. Mo. Nov. 3, 2011) (dismissing MHRA claims filed 96 days after the date of the right-to-sue letter).

With respect to the MHRA claims, plaintiff argues, in full, "that the Missouri Commission Rights [sic] Right to Sue Letter was dated March 9, 2016, and the Federal Right to Sue Letter was dated March 31, 2016, Plaintiff's claims were filed within that time frame." Doc. No. 9, p. 2. However, as explained in defendants' opening brief, the fact that plaintiff timely filed her EEOC claims does not cure the lateness of the filing of her MRHA claims. As discussed by defendants, plaintiff's MHRA claims in Counts I through V are untimely, and must be dismissed.

---

[1] The Court notes that defendants request the Court strike plaintiff's suggestions in opposition because they were filed one day late and without permission of the Court. See Reply, Doc. No. 11, pp. 1-2. Although defendants are correct, in the interests of justice the Court will consider the merits of plaintiff's untimely suggestions in opposition. The Court cautions plaintiff that further late filings will not be tolerated.

3

B.   Count VI - Assault

Defendants argue that plaintiff has failed to plead facts supporting one of the elements of assault under Missouri law.  To plead such a claim, plaintiff must allege: "(1) defendant's intent to cause bodily harm or offensive contact, or apprehension of either; (2) conduct of the defendant indicating such intent, and (3) apprehension of bodily harm or offensive contact on the part of the plaintiff caused by defendant's conduct."  Devitre v. Orthopedic Ctr. of St. Louis, LLC, 349 S.W.3d 327, 335 (Mo. 2011). Here, defendants argue that plaintiff has failed to plead the first element, the intent to cause bodily harm, offensive contact, or apprehension of either.  Although plaintiff has pled that defendant England aimed a karate kick at her, and on a separate occasion pointed a gun at her head, defendants argue that there are no allegations that England had the intent necessary to state a claim.

In response, plaintiff argues she has set forth sufficient allegations in her Amended Petition, which provide the essential elements of the claim and give notice to defendants of that claim.  Defendants, in reply, argue that plaintiff's pleading falls short of the requirement to plead facts with specificity.

After reviewing plaintiff's Amended Petition, the Court finds that plaintiff has sufficiently pled intent to cause bodily harm.  In paragraph 100, plaintiff pleads that the actions of defendants [the karate kick and aiming the gun at plaintiff's head] "were intentional, willful, wanton, and malicious and/or outrageous," entitling plaintiff to punitive damages.  The Court finds that a reasonable inference from the petition is that defendants' actions were intended to cause bodily harm or the apprehension of same. Therefore, defendants' motion to dismiss Count VI will be denied.

4

C.  Count IX – GINA Claims

Defendants argue that plaintiff's Amended Petition contains no factual allegations related to the statute. Under GINA, an employer may not discriminate on the basis of genetic information. 42 U.S.C. §§ 2000ff-2, 3. Here, plaintiff has not pled that defendants used genetic information, and plaintiff does not identify any genetic information at issue in this case. In response, plaintiff does not specifically address the failure to plead genetic information at all, and instead generically indicates that all the claims set forth in Count IX are pled with sufficient factual detail. The Court finds that plaintiff has pled no facts supporting a claim for discrimination on the basis of genetic information, and therefore the GINA claims in Count IX must be dismissed.

D.  Count IX – Individual Liability under Title VII, ADEA, and ADA

Defendants note that the protections of Title VII, ADEA, and the ADA, apply against employers, and not against individuals. See Spencer v. Ripley County State Bank, 123 F.3d 690, 691 (8th Cir. 1997) (finding individuals to not be employers under Title VII); Bonomolo-Hagen v. Clay Central-Every Comm. Sch. Dist., 121 F.3d 446, 447 (8th Cir. 1998) (holding that supervisors may not be found individually liable under Title VII); Lyons v. Drew, No. 14-0510-CV-W-ODS, 2015 WL 1198081, at *2 (W.D. Mo. Mar. 16, 2015) (noting that, while the Eighth Circuit has not expressly held that individuals cannot be found liable under the ADEA and ADA, the Eighth Circuit has held that the definitions for employer under Title VII, the ADEA and the ADA are analogous, and numerous district courts within the Eighth Circuit (as well as other circuit courts) have held that individuals are not subject to liability under the ADEA or the ADA).

5

In response, plaintiff indicates that she has set forth sufficient facts within her Amended Petition to state a claim in Count IX. Plaintiff's argument, however, does not address the issue raised by defendants, which is an issue of law and not an issue of fact. Plaintiff has pointed to no case law supporting individual liability under Title VII, the ADEA, or the ADA. Consequently, plaintiff's claims against Defendant England in Count IX must be dismissed.

## IV. Conclusion

Therefore, for the foregoing reasons, defendants' partial motion to dismiss (Doc. No. 3) is **GRANTED IN PART** and **DENIED IN PART.** Counts I-V, the GINA claim in Count IX, and the claims against Defendant England in Count IX are **DISMISSED WITH PREJUDICE**. Counts VI, VII, VIII, and Count IX's claims against American Wholesale Florists under Title VII, the ADA, and the ADEA, remain pending.

**IT IS SO ORDERED.**

/s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
United States District Judge

Dated: August 19, 2016